ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

JOSIAH BOURNES (CABN 272316)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7181
    FAX: (415) 436-7234
    Josiah.Bournes@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3-24-mj-71600-1 |
| Plaintiff, | [~~Proposed~~] DETENTION ORDER |
| v. | |
| GABRIEL JOEY JONES, | |
| Defendant. | |

On November 7, 2024, defendant Gabriel Joey Jones was charged via complaint with one count of Prohibited Person in Possession of Firearm and Ammunition in violation of 18 U.S.C. § 922(g)(1) regarding an offense that took place on July 6, 2024. Dkt. 1. On November 12. 2024, the defendant appeared for his initial appearance Dkt. 5. The government orally moved for detention and a detention hearing was set for November 14, 2024. *Id*. On November 13, 2024, the government filed a written motion for detention requesting pretrial detention arguing that the defendant was both a danger to the community and a flight risk. Dkt 8.

On November 14, 2024, this Court conducted the detention hearing. The defendant was present and represented by his attorney, Melissa Lubin. Assistant United States Attorney Josiah Bournes appeared for the government. Defendant requested release and the government maintained its position that the

defendant should remain detained pretrial because he represented a flight risk and a danger to the community that could not be mitigated by any release condition, or, combination of release conditions.

Upon consideration of the facts, proffers and arguments presented, Pretrial Services Prebail Report, the government's memorandum, and for the reasons stated on the record, the Court finds by clear and convincing evidence that defendant poses a danger to the community and that no condition or combination of conditions will reasonably assure the safety of any other person and the community. Accordingly, the defendant must be detained pending trial in this matter.

The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons as required by Title 18, United States Code, Section 3142(i)(1). As noted on the record, the Court makes the following findings as the bases for its conclusion: the no proffered condition or combination of conditions can reasonably assure the safety of the community light of the facts presented and the defendant must remain detained. The Court's reasons in support of its findings are as follows:

Defendant has a lengthy criminal conviction history that includes multiple prior felony convictions that punishable by imprisonment for a term exceeding one year.

Defendant possessed a loaded firearm on his person at the time of the offense and two additional loaded firearms were located in the center console area and trunk of defendant's registered vehicle.

The firearm present on defendant's person was a Glock with full automatic switch attached. The San Francisco Police Department Crime Laboratory later test-fired the Glock recovered from Jones' waistband and confirmed that it was functional and fired "in full automatic mode only." The ATF confirmed that the firearm met the federal definition of a machine gun.

Defendant was wearing body armor at the time of the offense, and, Officers located multiple spent shell casings in the defendant's car.

These findings are made without prejudice to the defendant's right to seek review of defendant's detention or file a motion for reconsideration if circumstances warrant it.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving

sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: November 20, 2024

Hon. THOMAS S. HIXON
United States Magistrate Judge